IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Cornelius R. Morant, #1499, | ) | C/A No.: 3:19-2849-JFA-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER AND NOTICE |
| The People of the State of South Carolina, Sumter County, K. Boland, and James C. Campbell, | ) | |
| Defendants. | ) | |

Cornelius R. Morant ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint pursuant to 42 U.S.C. § 1983 against the People of the State of South Carolina ("People"), Sumter County ("County"), South Carolina Highway Patrol Officer K. Boland ("Officer"), and Sumter County Clerk of Court James C. Campbell ("Clerk") (collectively "Defendants"), alleging violations of his civil and constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.  Factual and Procedural Background

Plaintiff is a pretrial detainee at the Sumter-Lee Regional Detention Center. [ECF No. 1 at 2]. Plaintiff alleges on May 1, 2018, Officer entered

private property to arrested him without probable cause for driving under the influence, third offense and failure to stop for a blue light, second offense.[1] *Id.* at 5. Plaintiff claims Officer twisted his wrist while handcuffing him, causing bruising, pain, and suffering. *Id.* at 7, 10. Plaintiff alleges Clerk failed to determine whether Officer's allegations established probable cause for issuance of an arrest warrant. *Id.* at 6–7.

Plaintiff claims Defendants deprived him of his liberty and opportunity to participate in employment and earn wages. *Id.* at 10. He maintains he suffered physical discomfort and mental and emotional trauma because of Defendants' actions. *Id.* He requests the court dismiss his outstanding charges and award current damages in the amount of $85,650 and future damages for additional days of incarceration. *Id.* at 7.

II. Discussion

A. Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against

---

[1] To the extent Plaintiff argues Officer's action constitutes cruel and unusual punishment, he has failed to assert sufficient facts to support the claim. *See Graham v. Connor*, 490 U.S. 386 396 (1989) (providing "the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it").

2

possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*,

3

901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B. Analysis

1. Failure to State a Claim Against People and County

To state a plausible claim for relief under 42 U.S.C. § 1983,[2] an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014).

---

[2] Plaintiff's complaint is properly before this court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails.

4

Plaintiff has alleged no specific injury as a result of the actions of Defendants People and County.[3] Therefore, Plaintiff's complaint is subject to summary dismissal as to Defendants People and County.

    2.    Younger Abstention

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). "[C]ourts of equity . . . should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Younger*, 401 U.S. at 43–44. Thus, "the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Id.* at 45.

"In *Younger* and its progeny, the Supreme Court generally has found abstention appropriate if the following three-pronged test has been met: 1) there are ongoing state judicial proceedings; 2) the proceedings implicate important state interests; and 3) there is an adequate opportunity to raise federal claims in the state proceedings. *Martin Marietta Corp. v. Maryland*

---

[3] Plaintiff lists People and County in the complaint's caption. [ECF No. 1 at 1]. However, he lists only Officer and Clerk in the section of the complaint identifying Defendants. *Id.* at 2–3. The undersigned is inclined to conclude that Plaintiff did not intend to name People and County as Defendants.

5

*Com'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

Plaintiff has requested the court enjoin the State's case. [ECF No. 1 at 7]. Applying the factors to this case shows abstention to be appropriate. First, Plaintiff admits in his complaint that the state criminal proceeding is ongoing. *See id.* at 10 (requesting charges be "quashed" and indicating he is being detained). This court cannot find Defendants acted improperly with respect to the arrest and issuance of a warrant without interfering in the state criminal proceedings. Second, the Supreme Court has noted "the States' interests in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). Finally, Plaintiff may argue in state court proceedings that the charges and arrest are not supported by probable cause. Accordingly, the *Younger* abstention doctrine compels the court to abstain from exercising jurisdiction over Plaintiff's claims as to Defendants. Therefore, Plaintiff's complaint is subject to summary dismissal based on the *Younger* abstention doctrine.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **October 30, 2019**, along with any appropriate service

6

documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

    IT IS SO ORDERED.

October 9, 2019  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge